■ In the Matter of the Ancillary Receivership of RELIANCE INSURANCE COMPANY. ENVIRO EXPRESS, INC., Appellant; GREGORY V. SERIO, as Superintendent of the New York State Insurance Department, and as Ancillary Receiver of Reliance Insurance Company, Respondent. [825 NYS2d 466]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered September 1, 2005, which disaffirmed a Referee's report recommending that the claim should be granted, unanimously affirmed, without costs.

The court correctly determined that the Referee's conclusions were erroneous and that the Superintendent's determination was rational and in conformity with the applicable statutes. Although the New York Property/Casualty Insurance Security Fund was established by the Legislature to protect New York residents from the potentially devastating effects of insurance company failures (Insurance Law § 7603; *see Matter of Snyder Tank Corp. v Superintendent of Ins. of State of N.Y.*, 140 Misc 2d 702, 704 [1988], *affd* 150 AD2d 992 [1989]), it is not the alter ego of an insolvent insurer (*Matter of Allcity Ins. Co. [Kondak]*, 66 AD2d 531, 537 [1979], *lv denied* 48 NY2d 629 [1979]) and is authorized to pay only those claims that meet the requirements set forth in article 76 of the Insurance Law (*see Matter of Consolidated Mut. Ins. Co. [Arcade Cleaning Contrs.—Superintendent of Ins.]*, 60 NY2d 1 [1983]).

Here, claimant's truck was garaged in Connecticut and the accident occurred there. Therefore, the Superintendent's disallowance was rational as consistent with Insurance Law § 7602 (f) and § 7604, by which the Legislature exercised its right to limit coverage in imposing the requirement that the accident occur in this state, or, if it occurs outside the state, that the insured vehicle be principally garaged within the state.

Claimant's argument, that the Superintendent conceded

coverage may be triggered where a vehicle is not principally garaged in New York if there is no other fund coverage available, does not require otherwise. Connecticut denied to claimant the benefit of the CIGA fund because the $299,999 which claimant could have collected thereunder was offset by the $600,000 in uninsured motorist benefits paid to the injured party, not because coverage was not available. Claimant, by its own admission, received the benefit of that $600,000 when the sum was applied toward the retained limit on its umbrella policy.

We have considered claimant's other arguments and find them unavailing. Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.